IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON W. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 07-707 |
| | ) |
| ARGENT MORTGAGE COMPANY, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff and as her Complaint against Defendant Argent Mortgage Company avers as follows:

## JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

This claim arises from real estate loan transactions resulting in a mortgage upon Plaintiff's home which is located in this district. The Plaintiff asserts claims against Defendant Argent Mortgage Company ("Argent") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiff alleges that Argent, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, Argent failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiff has retained her right to cancel the transaction. Plaintiff has exercised that right by delivering written notice

of her election to cancel in accordance with the requirements of TILA. Argent has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellation. Plaintiff seeks a court determination that her loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiff is of full age of majority and resides in this district.

2. Argent Mortgage Company ("Argent") is a Delaware corporation with its principal place of business at Orange, California. At all relevant times, Argent was engaged in the making, holding and/or selling of federally related residential mortgage loans. Argent does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

**Applicable Truth In Lending Act Requirements**

3. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that

each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise her right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. Argent failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

9. Argent included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10. Pursuant to TILA, Section 15 U.S.C. 1635, the Plaintiff has retained a right to rescind her mortgage with respect to her loan with Argent.

11. The Plaintiff has exercised her right to cancel the transaction and has notified Argent of her election to cancel as required by 15 U.S.C. § 1635. Argent has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

12. Argent is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

13. Plaintiff is an adult resident of Mobile County, Alabama and at all material times resided at 4017 Sonia Court, Mobile, Alabama.

14. On or about April 19, 2004, the Plaintiff obtained a residential real estate mortgage loan with Argent. The total amount of the loan was $90,000 and was secured by a mortgage security interest in Plaintiff's home.

15.     Argent failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

16.     Argent included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17.     As a result of Argent's failure to provide the notices and disclosures required by TILA, the Plaintiff retained her right to cancel the transaction.

18.     By letter dated July 27, 2007, Plaintiff, through her attorney, notified Argent of her election to rescind the loan.

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     Argent, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT I
## TILA Violations

21.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.     Plaintiff has properly and effectively cancelled and rescinded her loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     In the course of this consumer credit transaction, the Defendant violated 15 U.S.C § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of the right to rescind which clearly and conspicuously disclosed the date the rescission period expired. The disclosures were and are deficient for one or more of the following reasons:

- The Notice of Right to Cancel form not include the date the rescission period expires as required by 12 C.F.R. § 226.23(b)(1)(v); and
- The Notice of Right to Cancel form was contradicted by a "One Week Cancellation" form such that the actual expiration period for the right to cancel was not clearly and conspicuously disclosed; and
- The disclosures were not clear and conspicuous because they were contradicted by other information provided at the time of the loan transaction including, without limitation, information about non-refundable finance charges; and
- The disclosures were not provided until after the loan was consummated.

24.     In the course of this consumer credit transaction, the Defendant failed to deliver all "material" disclosures required by the TILA and Regulation Z, including the following:

   a. By failing to properly and accurately disclose the "amount financed" using that term in violation of Regulation Z § 226.23(b) and 15 U.S.C § 1638(a)(2)(A);

6

      b.  By failing to clearly and accurately disclose the "finance charge" using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3); and

      c.  By failing to clearly and accurately disclose the "annual percentage rate" using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4).

The Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Argent and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of Plaintiff's loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Argent to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Argent, but in the alternative, if tender is required, a determination of the amount of tender

        obligation in light of all of the Plaintiff's claims, and an order requiring Argent to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        /s Earl P. Underwood, Jr.
        EARL P. UNDERWOOD, JR.  (UNDEE6591)
        Post Office Box 969
        Fairhope, Alabama  36533
        Telephone: (251) 990-5558
        Facsimile: (251) 990-0626
        epunderwood@alalaw.com

**DEFENDANT ARGENT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Argent Mortgage Company, LLC
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104