IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON W. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER: |
| | ) | |
| ARGENT MORTGAGE COMPANY, LLC, | ) | 1:07-CV-00707-CG-M |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff in this case brings claims to rescind a "residential real estate mortgage loan" she allegedly obtained on April 19, 2004 but did not attempt to rescind until July 27, 2007. By the terms of the federal statute under which plaintiff seeks relief, her rescission rights had expired long before she allegedly attempted her rescission on July 27, 2007, and any other claims she may bring are barred by the relevant statute of limitations. Moreover, plaintiff's allegations regarding defendant's disclosure of the "amount financed," the "finance charge," and the "annual percentage rate" are unclear, so if these claims were not dismissed in their entirety, defendant would be entitled, under Rule 12(e), to a more definite

1616146 v1

...

statement of these claims. As set forth in more detail below, all of plaintiff's claims are due to be dismissed under Rule 12(b)(6):

## I. FACTS

The following facts are alleged in plaintiff's Complaint or are otherwise likely to be undisputed by the parties:

1. Plaintiff alleges that, three-and-a-half years ago, on April 19, 2004, she obtained a "residential real estate mortgage loan" from defendant.[1]

2. She alleges that, at the time she completed this transaction in April of 2004, defendant "failed to provide the required notices of Plaintiff's right to cancel the loan."[2] She also alleges that defendant "fail[ed] to properly and accurately disclose the 'amount financed' . . . the 'finance charge' . . . and . . . the 'annual percentage rate.'"[3]

3. However, notwithstanding the allegation in her Complaint that the form "supplied to plaintiff was blank, unsigned and not dated,"[4] plaintiff signed the "NOTICE OF RIGHT TO CANCEL" form on April 19, 2004 and specifically acknowledged: "The undersigned each acknowledge receipt of receipt of two

---

[1] Doc. 1, Compl., ¶ 14.

[2] *Id.* at ¶ 8.

[3] *Id.* at ¶ 24.

[4] *Id.* at ¶ 8.

copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[5] The lender's copy of this form specifically informed plaintiff that, under federal law, she had until "4-22-04" to provide notice to Argent of her desire to cancel the transaction.[6]

4.  Moreover, plaintiff acknowledged receipt, on April 19, 2004, of disclosures of the "amount financed," the "finance charge," and the "annual percentage rate."[7] The "amount financed" was "$87,679.28"; the "finance charge" was "$158,009.39"; and the "annual percentage rate" was "8.612 %."[8]

---

[5] *See* Ex. A ("Notice of Right to Cancel"), attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate the "NOTICE OF RIGHT TO CANCEL" form in order to dismiss plaintiff's claims and finds that the "NOTICE OF RIGHT TO CANCEL" form was not incorporated into plaintiff's Complaint, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, the contents of the loan documents signed by the plaintiff do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[6] *See* Ex A, attached.

[7] *See* Ex. B ("Truth-in-Lending Disclosures"), attached hereto (with loan numbers redacted). Again, per footnote 5, *supra*, the Court may consider this document without converting the present Motion into one for summary judgment.

[8] *Id.*

5. Plaintiff alleges that she attempted to rescind this April 19, 2004 loan on July 27, 2007 via a letter from her attorney,[9] but that defendant "failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan."[10] On October 4, 2007, plaintiff filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaratory relief, return of any moneys, statutory damages, actual damages, costs, and attorney fees.[11]

## II. ARGUMENT

**A. Plaintiff's Complaint Fails To State A Claim For Rescission Because Plaintiff Had No Right To Rescind More Than Three Years After She Had Allegedly Obtained The Loan In Question.**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.[12] Such is the case here. Plaintiff in the present matter alleges that she obtained a "residential real estate mortgage loan" in

---

[9] Doc. 1, Compl., ¶ 18.

[10] *Id.* at ¶ 19.

[11] *Id.* at the unnumbered "WHEREFORE" paragraph following ¶ 24.

[12] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

the spring of 2004[13] and that she "notified AMC of her election to rescind the loan" in the summer of 2007, which was more than three years later.[14]

The statute under which plaintiff seeks relief provides, in relevant part:

> An obligor's right to rescind shall expire ***three years*** after the date of the consummation or upon sale of the property, whichever occurs first, ***notwithstanding*** the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .[15]

In other words, even assuming that the allegations in plaintiff's Complaint were true, plaintiff's rights to rescind had already expired ***before*** she allegedly "elect[ed] to rescind" more than three years later. Plaintiff allegedly obtained her loan on April 19, 2004.[16] Even if she had never been provided notice of her rescission rights at the time she obtained her loan in 2004, her right to rescind would have expired of April 19, 2007.[17] Plaintiff, however, alleges that she did not attempt to notify defendant of her rescission until July 27, 2007,[18] which was ***more than three years later***.

---

[13] Doc. 1, Compl., ¶ 14.

[14] *Id.* at ¶ 18.

[15] 15 U.S.C. § 1635(f) (emphasis added).

[16] Doc. 1, Compl., ¶ 14.

[17] *See* 15 U.S.C. § 1635(f).

[18] Doc. 1, Compl., ¶ 18.

**B.     Any Other Claims Plaintiff May Attempt To Bring Are Barred By The Statute Of Limitations.**

Any claims regarding defendant's alleged "fail[ure] to deliver to the Plaintiff two copies of the notice of right to rescind"[19] or alleged "fail[ure] to deliver all 'material disclosures'"[20] are barred by the relevant statute of limitations. A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[21]  In this case, the statute under which plaintiff seeks relief provides, in relevant part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[22]  The violation plaintiff alleges allegedly occurred on April 19, 2004.[23]  As such, plaintiff's Complaint, filed ***more than three years later*** on October 4, 2007, was clearly filed outside of the statute's one-year limitations period.

**C.     Even Assuming That Plaintiff Could Choose To Exercise Her Rescission Rights More Than Three Years After The Transaction,**

---

[19] *See id.* at ¶ 23.

[20] *See id.* at ¶ 24.

[21] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[22] 15 U.S.C. § 1640(e) (emphasis added).

[23] *See* Doc. 1, Compl., ¶ 14.

**Plaintiff's Allegation That She Was Not Provided Notice Of Her Rescission Rights Is Contradicted By Her Own Complaint.**

Although courts, in considering Rule 12(b)(6) motions, should assume that allegations in a complaint are true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[24] In this case, Plaintiff admits that she was provided "form notices" of her right to cancel her loan[25]; the remaining allegations in her Complaint are not to be credited.

The Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[26] Of course, as noted above, even had plaintiff not been provided any notice of her right to rescind, her rescission rights still would have expired at the end of three years -- on April 19, 2007.[27] But in this case, plaintiff was provided and signed a "NOTICE OF RIGHT TO CANCEL" form on April 19, 2004. Under the statute, plaintiff's acknowledgement on this

---

[24] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[25] Doc. 1, Compl., ¶¶ 8 & 15.

[26] 15 U.S.C. § 1635(a) (emphasis added).

[27] *See* 15 U.S.C. § 1635(f).

form creates a "rebuttable presumption" that she received the form.[28]  Plaintiff in this case apparently ***does not dispute the authenticity*** of her acknowledgment.  Instead, plaintiff's Complaint raises two unrelated challenges to the presumption that she was informed of her rescission rights at the time of closing.

**First**, plaintiff alleges that her copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copy.[29]  This allegation is intended to bring plaintiff's claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[30] and the Ninth Circuit's *Semar* holding.[31]  The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[32] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f).  However, the First Circuit's recent decision in

---

[28] 15 U.S.C. § 1635(c).

[29] Doc. 1, Compl., ¶¶ 8 & 15.

[30] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[31] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[32] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

*Palmer v. Champion Mortgage*[33] is more instructive as to the facts alleged at bar. In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1. The *Palmer* court noted that the Notice also "twice indicated in plain language that, in the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[34] The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[35]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" form that plaintiff admittedly took home at closing[36] twice indicated to her that she had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, plaintiff apparently does not dispute that the "Document Signing Date" and the "Final Date to Cancel"

---

[33] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[34] *Id.* at 27-28.

[35] *Id.* at 29.

[36] Doc. 1, Compl., ¶ 8.

lines were, in fact, filled in on the lender's copy which the plaintiff signed on April 19, 2004.[37] It is well-settled in the Eleventh Circuit that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[38] In this case, ***plaintiff admits that she was informed of her right to rescind at the time of closing***.[39] As such, plaintiff's claims are due to be dismissed under Rule 12(b)(6).

**Second**, plaintiff seeks to circumvent the statutory proviso giving her until "midnight of the third business day following the consummation of the transaction"[40] to rescind, by alleging that the a "ONE WEEK CANCELLATION PERIOD" form she allegedly also received was "confusing" and "obscur[ed]" her "actual statutory rights."[41] However, defendant has no evidence, to date, that it used a "ONE WEEK CANCELLATION PERIOD" form. Instead, this allegation seems premised on a form used by another lender, Ameriquest Mortgage Company, and seems to be boilerplate language in the Complaint left over from

---

[37] *See* Ex. A, attached.

[38] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[39] *See* Ex. A, attached; Doc. 1, Compl., ¶ 8.

[40] 15 U.S.C. § 1635(a).

[41] Doc. 1, Compl., ¶ 9.

claims plaintiff's attorney has filed in the past against Ameriquest. This boilerplate allegation in the Complaint does not appear to fit the facts at bar.

However, even crediting this allegation for the limited purposes of a Rule 12(b)(6) motion, plaintiff does not dispute that she did not attempt to rescind the transaction either within the three business days set out in the "NOTICE OF RIGHT TO CANCEL" form or within the week set out in the alleged "ONE WEEK CANCELLATION PERIOD" form. Instead, she waited ***more than three years*** after obtaining her April 19, 2004 loan before she allegedly attempted to rescind on July 27, 2007.[42] As such, plaintiff's right to rescind expired long before she allegedly sent her rescission letter, and her present claims are due to be dismissed.

    **D.** **Plaintiff's Allegations That Defendant Failed To Disclose The "Amount Financed," The "Finance Charge," And The "Annual Percentage Rate" Are Likewise Due To Be Dismissed, Or, In The Alternative, Defendant Is Entitled, Under Rule 12(e), To A More Definite Statement Of These Claims.**

It is unclear what plaintiff is alleging in paragraph 24 of her Complaint. If plaintiff is alleging that defendant never disclosed the "amount financed," the "finance charge," or the "annual percentage rate," such an allegation is contradicted by the "TRUTH-IN-LENDING DISCLOSURE STATEMENT" plaintiff herself

---

[42] *Id.* at ¶ 18.

signed and acknowledged on April 19, 2004.[43]  As such, her claim here is due to be dismissed -- unless, of course, plaintiff wishes to dispute the authenticity of her signature, in which case the parties can limit discovery simply to this one narrow issue.  If, on the other hand, plaintiff is admitting that she received defendant's disclosures on April 19, 2004 but wishes to allege that these disclosures were inaccurate in some way or another, she should say so.  Her current Complaint does not.  Thus, if the Complaint is not dismissed in its entirety, defendant is entitled, under Rule 12(e), to a more definite statement of the claims against it.

Of course, even if the "amount financed," the "finance charge," or the "annual percentage rate" were inaccurate in some way, this would not, contrary to the allegation in paragraph 24 of plaintiff's Complaint, give plaintiff a "continuing right to rescind the transaction."  Rather, even had these disclosures been inaccurate, plaintiff's right to rescind still would have expired three years later on April 19, 2007 -- which was before plaintiff allegedly attempted to rescind on July 27, 2007.[44]  For this reason alone, plaintiff's Complaint is due to be dismissed.

---

[43] *See* Ex. B, attached.

[44] Doc. 1, Compl., ¶ 18.

## III. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an Order dismissing the plaintiff's Complaint or, in the alternative, requiring plaintiff to file a more definite statement of her claims.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Argent Mortgage Company, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

1616146 v1

13

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

>Earl P. Underwood, Jr., Esq.
>Law Offices of Earl P. Underwood, Jr.
>P.O. Box 969
>Fairhope, Alabama 36533-0969

>>s/ Stephen J. Bumgarner
>>OF COUNSEL